**Ronda N. Baldwin-Kennedy, Esq., Attorney for Plaintiff**
Law Offices of Ronda Baldwin-Kennedy
24307 Magic Mountain Parkway #337
Valencia, CA 91355
**Telephone: 951-268-8977**
**Fax: 702-974-0147**

**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARREN FAVELA, as personal representative of THE ESTATE OF RAYMOND GARY FAVELA, DECEASED,** ) ) ) ) | **CASE NO.:** |
| **Plaintiffs,** ) ) | **COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION** |
| **v.** ) ) | |
| **UNITED STATES OF AMERICA; NATIONAL PARK SERVICE, a government entity; DEPARTMENT OF THE INTERIOR, a government entity; and JOHN DOES 1 through 50,** ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| **Defendants.** ) | |

DARREN FAVELA as personal representative of the Estate of Raymond Gary Favela ("Plaintiff"), of his deceased father, Raymond Gary Favela ("Decedent"), along by and through the undersigned attorney, hereby brings this cause of action against the Defendants.

## PARTIES

1. Plaintiff is Darren Favela, as personal representative of the Estate of Raymond Gary Favela, deceased ("Decedent").

2. Plaintiff is residing at 7179 Garden Oaks Street, Fontana in the State of California and is a citizen of the United States.

3.  The National Park Service is a United States governmental agency. The National Park Service owns, manages, controls, operates and/or maintains in the State of Utah, the Zion National Park ("Park"). At all times relevant to this lawsuit, the Park Rangers, who are not all specifically known to the plaintiffs at this time, were performing services for the National Park Services, and, therefore, were governmental employees acting in the scope of their employment, for whose actions or omissions the defendant United States of America is liable.

4.  Defendant United States Department of the Interior, a United States governmental agency and a Department of the government of the United States of America, and which federal agency is run and operated by the United States government, and which Department oversees defendant, National Park Service, and as such, owns, operates, maintains, controls and manages all United States National Parks, including Zion National Park located in 1 Zion Park Blvd. State Route 9, Springdale, UT 84767 , where the deceased died from blunt force injuries and drowning on September 14, 2015.

5.  Defendant is the United States of America, a sovereign entity and/or political body, whose Attorney General is Loretta Lynch, which maintains offices in Central District of California 300 north Los Angeles street, suite 7516. Defendant the United States has consented to be sued for civil liability in accordance with the FTCA, 28 U.S.C. § 2671, et seq.  The Attorney General's Office in Los Angeles, California, is authorized to accept service of lawsuits filed against the United States of America.

6.  Defendants John Does 1 through 50 are other employees or agents of the National Park Service, who served in the relevant time period as unnamed District Rangers for the Zion National Park, National Park Supervisors, National Park Sign Coordinators and Zion National Park Safety Officers.  The identities of these John Does are unknown to and are not readily

ascertainable by the Plaintiffs.  The identities of said John Does are known to the named Defendants, and should be readily ascertainable through subsequent discovery in this matter.

7.     At all times referred to herein, the defendant United States, its agencies, employees and agents, whether named or unnamed herein, were acting under color of federal law, statutes, ordinances, regulations, policies, customs, practices and usages of the United States of America, pursuant to their authority thereunder.

8.     Defendants National Park Service, United States Department of the Interior, the United States of America, and John Does 1-50 are sometimes collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

9.     Jurisdiction is vested in the United States District Court by virtue of the Code of the Laws of the United States of America, 28 U.S.C. § 1346(b), which confers original jurisdiction in the United States District Court in a claim against the United States of America, and is known as the Federal Tort Claims Act, and the Tort Claims Procedure as set forth in 28 U.S.C. §§ 2671 et seq.

10.     This claim was timely presented pursuant to the Federal Tort Claims Act; Plaintiff filed their administrative claim with the National Park Service; and that on June 20, 2016, defendant, United States Department of the Interior, through its agent, G. Kevin Jones, denied plaintiff's claim for damages. A copy of the letter dated June 20, 2016, is attached hereto, made part hereof and marked Exhibit A.

11.     That plaintiff have instituted suit within six months of the denial of this claim by defendant, United States Department of the Interior, since the letter was dated June 20, 2016.

12.     All procedural prerequisites to filing this action have been satisfied, met, or otherwise waived, including the exhaustion of all administrative remedies under the FTCA.

13.     That at all times relevant herein, Defendants owned, operated, controlled and maintained Zion National Park in the State of Utah, the United States of America.

14.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1402.

15.     The Plaintiffs request a jury trial, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

16.     On September 14, 2015, Decedent, a member of Southern Californians Valencia Hiking Crew ("VHC"), had gone to the Zion National Park ("Park") for canyoneering.

17.     Decedent had gone along with six other members of VHC. The group was granted entry to the Park after Parks Rangers issued a permit to them for canyoneering.

18.     After Decedent entered the Park, the National Weather Service issued a flash-flood warning for the affected region near and around the Park.

19.     The Park Rangers closed the Park's canyons as a result of the storm warning.

20.     After the warning was issued, the Park Rangers left flyers warning of the pending storm on the cars in the Park, but they did not take any action to notify those known to be canyoneering.

21.     Decedent had already left the parking lot and was headed towards the canyons with the other members of the VHC group when the flyers were placed on the cars.

22.     The Park Rangers knew that there were canyoneers inside the Park that day, for they were the ones who had issued entry permit to canyoneers.

4
COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION

23.     The Park Service had knowledge that a group of seven VHC members had gone inside the Park for canyoneering and were in Keyhole Canyon.  In fact, another group of climbers specifically told the Park Ranges that Decedent and his group were in Keyhole Canyon when the storm began.  Yet, the Park Rangers did not undertake any search and rescue efforts.

24.     The Park Rangers knew the danger and impact of the rain and flash-flooding that had made its way into the canyons, where Decedent was canyoneering.

25.     The warning notices posted on the cars in the parking lot, including on Decedent's car, was of no help to those who were canyoneering in the Park.

26.     The Park has no warning system in place to warn those who had commenced canyoneering of life threatening weather.

27.     When Decedent did not return during the storm, Plaintiff Darren requested that the Park Rangers locate and identify the location of Decedent's cell phone, so that Decedent could be located and rescued.

28.     The Park Rangers refused the request of Plaintiff Darren stating that it was not possible to trace the location of Mr. Favela, as there was no cell service in the area where Decedent had gone canyoneering.

29.     Plaintiff Darren then made his request to another Park Ranger to find and locate Decedent's cell phone.

30.     Thereafter, Decedent's cell phone was found by the Park Ranger within a half an hour. The cell phone was found in an undamaged condition.

31.     The Park Rangers did not have any organized rescue operation in place and nobody knew what to do in an emergency situation.

32.     As a result of the fast moving flood and powerful storm the canyon was flooded. All seven people in the VHC group, including Decedent, died.

33.     The body of Decedent was found on September 15, 2015.

34.     The Certificate of Death, by a certified physician, confirmed that Decedent died due to drowning and blunt force injuries that he suffered due to the flooding in the canyon. A copy of the Certificate of Death is attached hereto, made part hereof and marked Exhibit B.

35.     Decedent is survived by three children.

## FIRST CAUSE OF ACTION
## FOR WRONGFUL DEATH
(Against all Defendants)

36.     Plaintiff re-allege and incorporate by reference each and every allegation contained in paragraphs 1 to 35 as though fully set forth herein.

37.     Plaintiff brings this action pursuant to § 377.60 of California Civil Procedure Code.

38.     Decedent did not bring an action for personal injuries during his lifetime and no other action for the death of Decedent has been commenced against defendants.

39.     Defendants knew, or should have known, that the flash flood warning issued on September 14, 2015 created an unreasonable danger for canyoneers.

40.     Pursuant to 28 United States Code sections 1346(b) and 2674, the Defendant United States is liable to recreational users of the Zion National Park, to the same extent as any private person in the State of Utah.

41.     Pursuant to Utah Code section 57-14-204, the Defendants are liable for their negligent acts and omissions, which caused the injuries described herein, due to the specific-use fee it imposed on the person or persons who entered Zion National Park to go canyoneering.

42.     Zion National Park canyoneering regulations require that permits be obtained and paid for by all persons before they may embark on technical canyoneering trips within the park and for non-technical hikes into the Subway and the Narrows.

43.     The fee charged is a prerequisite and a direct quid pro quo in order to canyoneer within the park.  In fact, permits may be reserved up to three months in advance due to the high demand for permits and in order to regulate the use of the slot canyons.  The permits for canyoneering go beyond what is offered to the general public, who may enter the Zion National Park free of charge.

44.     The mandatory permit fee charged for canyoneering was not a "contribution in kind," nor specifically used to offset costs or losses incurred by the National Park Service from the canyon use.

45.     Defendants breached their duties owed to Decedent by:

    a.   negligently failing to post signs or otherwise warn canyoneers of the dangers of flash floods in the area as a result of conditions that the National Park Service knew or should have known existed in September 2015, in violation of National Park Service internal directives relating to flood signing;

    b.   negligently failing to develop a contingency plan or other mitigation steps to deal with a major flooding event in the slot canyons;

    c.   negligently failing to prevent or mitigate adverse impacts on human safety, health and welfare associated with flooding in the slot canyons;

    d.   negligently failing to educate National Park Service employees on directives and policies related to flood hazards and negligently failing to implement the directives on critical issues, such as signage and public safety;

e.  negligently failing to implement an adequate warning system to notify canyoneers of dangerous weather conditions and flooding risks in the slot canyons;

f.  negligently failing to adequately warn of the dangers of the impending storm on September 14, 2015 to canyoneers at Zion National Park;

g.  negligently failing to give canyoneers timely notice of dangerous weather conditions that were predicted to affect the Zion National Park, including the flash-flood warning that was issued at 2:22 pm on September 14, 2015;

h.  negligently failing to maintain the slot canyons in a reasonably safe condition for public use and failing to protect the health and safety of canyoneers;

i.  negligently failing to evacuate the canyons in a timely fashion;

j.  negligently failing to address communication issues with National Park Service employees and law enforcement personnel and failing to implement alternate means of communications to ensure the safety of the canyoneers, as a result of the site's topography and known lack of cellular reception; and

k.  negligently failing to ensure timely emergency response capability for all emergencies, including weather-related emergencies;

l.  negligently failing to undertake efforts to timely rescue and search for Decedent and his group after Park Rangers were told by another group of climbers that Decedent and his group were in Keyhole Canyon;

m.  negligently failing to timely rescue and find Decedent by locating his cell phone. It was only when Plaintiff Darren made several requests that the Park Rangers made serious efforts to locate the cell phone of Decedent.

46.     Defendants knowingly, negligently, willfully, wantonly and recklessly failed to follow law, regulations, directives and policies governing warning systems and emergency planning.

47.     Defendants knowingly, negligently, willfully, wantonly and recklessly issued permits to canyoneers, held the slot canyons, including Keyhole Canyon, out to be fit and safe for canyoneering, and failed to mitigate, protect or warn canyoneers, including Decedent, of the issued flash- flood warning.

48.     As a direct and proximate result of the negligence described hereinabove, the Defendant United States through its agencies, employees and agents, caused or were a substantial factor in causing the death of Decedent.   It was reasonably foreseeable to the Defendant United States, its agencies, employees and agents, that the negligent acts and omissions described hereinabove would cause injuries similar to those suffered by the Decedent.

49.     But for the negligent acts and omissions by the Defendant United States, through its agencies, employees and agents, as described hereinabove, Keyhole Canyon would have been closed on September 14, 2015 before Decedent entered the canyon, and more likely than not Decedent would have survived the September 14, 2015 flood with little or no injury.

50.     But for the negligent acts and omissions by the Defendant United States through its agencies, employees and agents, as described hereinabove, in failing to watch, warn, train or prepare for dangerous emergency situations, including the known dangers of flash flooding, Decedent would have been warned or evacuated from Keyhole Canyon and more likely than not they would have survived the September 14, 2015 flood with little or no injury.

51.     As a direct and proximate result of defendants' negligence, Plaintiff suffered and defendants are liable, jointly and/or severally, for the following damages:

(a) funeral expenses for Decedent;

(b) administration expenses related to Decedent's injuries;

(c) Plaintiff's loss of contribution, support, consortium, comfort, counsel, aid, association, care and services of Decedent;

(d) such other damages as are permissible in a wrongful death action.

52.     Prior to and at the time of the September 14, 2015 flash-flood at the Keyhole Canyon, the Defendants knew, or in the exercise of ordinary care should have known in light of the surrounding circumstances, that the above-described conduct would naturally and probably result in injury to others, yet they continued the conduct maliciously, and with deliberate indifference and reckless disregard of the consequences.  Thus, punitive damages should be imposed in this case.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and/or severally, in a sum in excess of Twelve Million Dollars ($12,000,000.00) plus interest and costs.

**SECOND CAUSE OF ACTION**
**SURVIVAL ACTION**
(Against all Defendants)

53.     Plaintiff re-allege and incorporate by reference each and every allegation contained in paragraphs 1 to 52 as though fully set forth herein.

54.     Plaintiff brings this action pursuant § 377.30 of California Civil Procedure Code.

55.     As a direct and proximate result of Defendants' aforesaid acts of negligence, Decedent suffered and defendants, jointly and/or severally, are liable for the following damages:

(a) Decedent's pain and suffering between the time of his injuries and time of death;

(b) Decedent's total future earning power less the estimated cost of personal maintenance;

(c) Decedent's loss of retirement and social security income;

10

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION

(d) Decedent's other financial losses suffered as a result of his death; and

(e) Decedent's loss of enjoyment of life.

56.     Prior to and at the time of the September 14, 2015 flash-flood at the Keyhole Canyon, the Defendants knew, or in the exercise of ordinary care should have known in light of the surrounding circumstances, that the above-described conduct would naturally and probably result in injury to others, yet they continued the conduct maliciously, and with deliberate indifference and reckless disregard of the consequences.  Thus, punitive damages should be imposed in this case.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and/or severally, in a sum in excess of Twelve Million Dollars ($12,000,000.00) plus interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1.     General damages and compensation;

2.     All funeral, burial and other expenses;

3.     Special damages for loss of support and parental consortium;

4.     Costs of suit and Attorney fees;

5.     Punitive damages;

6.     Any further relief that the court may deem just and equitable.

Dated: December 12, 2016

/sRonda Baldwin-Kennedy
Ronda N. Baldwin-Kennedy, Esq.
Law Offices of Ronda Baldwin-Kennedy
24307 Magic Mountain Parkway #337
Valencia, CA 91355

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION

**VERIFICATION**

I am the Plaintiff in this action. I have read the foregoing complaint and it is true of my own knowledge, except as to those matters stated on information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Date of execution: 12/12/2016
DARREN FAVELA, /s/ Darren Favela
PLAINTIFF

COMPLAINT FOR WRONGFUL DEATH AND SURVIVAL ACTION