**Ronda N. Baldwin-Kennedy, Esq., Attorney for Plaintiff**
CA Bar #302813
Law Offices of Ronda Baldwin-Kennedy
24307 Magic Mountain Parkway #337
Valencia, CA 91355
**Telephone: 951-268-8977**
**Fax: 702-974-0147**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DARREN FAVELA, as personal representative of THE ESTATE OF RAYMOND GARY FAVELA, DECEASED,**<br><br>**Plaintiffs,**<br>v.<br><br>**UNITED STATES OF AMERICA; NATIONAL PARK SERVICE, a government entity; DEPARTMENT OF THE INTERIOR, a government entity; and JOHN DOES 1 through 50,**<br><br>**Defendants.** | CASE NO.: 5:16-cv-02591-SVW-SP<br><br>**BRIEF IN SUPPORT OF MOTION TO TRANSFER VENUE** |

### PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION TO TRANSFER VENUE

Plaintiff, DARREN FAVELA as personal representative of the Estate of Raymond Gary Favela ("Plaintiff"), of his deceased father, Raymond Gary Favela ("Decedent"), along by and through the undersigned attorney, respectfully moves the Court to transfer this case to the United States District Court for the District of Utah. Plaintiff offers this brief in support of his motion pursuant to 28 U.S.C. §

1

1404(a) for the convenience of the parties and witnesses and in the interest of justice.

## I. FACTUAL BACKGROUND

This case centers on an incident happening on September 14, 2015 in Zion National Park. Zion National Park ("Park") is located in the state of Utah, near Springdale, Utah. On September 14, 2015, Raymond Gary Favela and six others were granted entry to Zion National Park after being issued a permit for canyoneering. After entering the Park, the National Weather Service issued a flash-flood warning for the affected region near and around the Park. The Park Rangers closed the Park's canyons as a result of the storm warming. After the warning was issued, the Park Rangers left flyers warning of the pending storm on the cars in the Park, but they did not take any action to notify those known to be canyoneering. Plaintiff's case centers on the inaction of Defendants on September 14, 2015 and failure to warn those known to be canyoneering at the Park.

## II. ARGUMENT

**A. MOTIONS UNDER 28 U.S.C. § 1404(A): A TWO-PART TEST**

Motions to transfer under 28 U.S.C. § 1404(a)[1] require that courts apply a two-part test. First, the Court must determine whether this action "venue is proper

---

[1] Section 1404(a) reads: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

in the transferor district".[2] Second, the Court must determine "that the transferee district is one where the action might have been brought."[3] The facts of this case easily fit these criteria. All of the facts alleged in Plaintiff's Complaint took place in Utah and all of the evidence and potential witnesses exist in in Utah as well.

**B. BECAUSE PERSONAL JURISDCITION AND VENUE ARE PROPER IN THE UNITED STATES DISTRICT FOR THE DISTRICT OF UTAH, THIS ACTION "MIGHT HAVE BEEN BROUGHT' IN THE TRANSFEREE DISTRICT**

To determine whether personal jurisdiction can be exercised by a transferee court over an out-of-state party, a transferor court must first apply the long-arm statue of the state in which the transferee court is located.[4] Utah's long-arm statute is co-extensive with the limits of due process.[5] Defendants the National Park Service and United States Department of the Interior are both United States governmental agencies. Defendant the United States of America is a sovereign entity and/or political body.

The United States District Court for the District of Utah can therefore exercise personal jurisdiction over each defendant if he "incur[red] obligations to citizens entitled to the state's protection."[6] Here, there is no dispute that all of the

---

[2] *Goodyear Tire & Rubber Co. v. McDonnel Douglas Corp.,* 820 F.Supp.503, 506 (C.D. Cal 1992).
[3] *Id.*
[4] *E. G. Gallo Winery v. F. & P. S.p.A.,* 899 F. Supp. 465, 466 (E.D. Cal. 1994).
[5] Utah Code Ann. § 78-27-22.
[6] *Id.*

actions and inactions of Defendants alleged by Plaintiff took place in the state of Utah, at the Park near Springdale, Utah and that Defendants purposefully directed its activities at a particular forum by operating the Park in the forum.

## C. CONVENIENCE AND JUSTICE WOULD BE SERVED BY TRANSFERRING THIS ACTION TO THE UNITED STATES DISTRCIT FOR THE DISTRICT OF UTAH

Because this case "might have been brought" in the United States District for the District of Utah, this Court can exercise its discretion to transfer the case "for the convenience of the parties and witnesses, in the interest of justice."[7] The Court may consider the costs of litigation. Because the witnesses to the incident and facts surrounding the incident and evidence is expected to be in Utah, this fact weighs in favor of transfer. Further, transfer is supported by the fact that it is in the interest of non-party witnesses.[8] Simply, the incident at issue in September 2015 took place in Utah, non-party witnesses are expected to be found in Utah, and all of the evidence resides in Utah. Each of these factors demonstrates that the Court should exercise the discretion afforded it under Section 1404 and transfer the case.

### III. CONCLUSION

A transfer to the United States District Court for the District of Utah would square with both common sense and fundamental fairness, particularly when key

---

[7] 28 U.S.C. § 1404(a).
[8] *Owner-Operator Indep. Drivers Ass'n, Inc. v. C.R. England, Inc.,* 2002 WL 32831640, *8 (E.D. Cal. 2002).

third-party witnesses are expected to be found in Utah. Further, Defendants consent to transfer.

WHEREFORE, Plaintiff requests that this Court grant Plaintiff's Motion and Order that this case be transferred to the United States District Court for the District of Utah.

Respectfully submitted,

By:     /s/ Melody H. Piazza
Melody H. Piazza
M. Chad Trammell
Trammell Piazza Law Firm, PLLC
1501 North University, Suite 350
Little Rock, Arkansas 72207
501-371-9903
501-371-9905 (Fax)

Ronda N. Baldwin-Kennedy
CA Bar #302813
Law Offices of Ronda Baldwin-Kennedy
24307 Magic Mountain Parkway #337
Valencia, California 91355
951-268-8977
702-974-0147 (Fax)

Attorneys for Plaintiff

Dated: April __, 2017

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and exact copy of the foregoing Plaintiff's Brief in Support of His Motion to Transfer Venue was served this 24th day of April, 2017, via the Court's Electronic Filing System, upon the following counsel of record:

SANDRA R. BROWN
Acting United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
ROBYN-MARIE LYON MONTELEONE
Chief, General Civil Section
Assistant United States Attorney
JULIE ZATZ (CA Bar #155560
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, CA 90012
    E-mail: julie.zatz@usdoj.gov

Attorneys for Federal Defendants

By:    /s/ Melody H. Piazza